The Honorable Hoye D. Horn State Representative P.O. Box 64 Foreman, Arkansas 71836
Dear Representative Horn:
This is in response to your request for an opinion concerning Section 5 of Act 501 of 1989. That act adopts the Revised Uniform Enforcement of Foreign Judgments Act, and provides in Section 5:
 Any person filing a foreign judgment shall pay to the clerk of court the same filing fee that would be paid for the filing of a civil action. Fees for docketing, transcription, or other enforcement proceedings shall be as provided in other civil proceedings in the circuit courts of this state.
Your question relative to this section is as follows:
 Does this mean the clerk can charge the entire amount that a civil action would cost (court reporters fee $20.00, Arkansas Statute Revision Fund $.25, Legal Education $5.00, Justice Building $1.00, plus any locally passed fees for Law Library etc.), and the $30.00 base fee of the clerks' office, or just the $30.00 base fee? If it is the entire cost of filing a civil action ($53.75 plus) does the clerk distribute the fees normally collected for the state entities even though a civil action was not docketed? Please advise.
For the reasons that follow, it is my opinion that the fee to be collected upon the filing of a foreign judgment is the entire amount which would be collectible upon the filing of a civil action.
The problem arises because in Arkansas there is no one "filing fee" for the filing of a civil action. The basic fees to be collected by the circuit clerks are set out in A.C.A. sections21-6-402, 403, 404, and 405. These sections authorize, respectively, the imposition of miscellaneous fees, a uniform advance fee, an additional uniform advance fee to support court reporters' salaries, and a fee to be collected upon the entry of every judgment of conviction, plea of nolo contendere, or forfeiture of bond. Additional fees may be charged if the volume of the pleadings require it, (A.C.A. 21-6-403(b), or if they are otherwise authorized by statute after March 1, 1977. (21-6-403(c), and Opinion No. 89-084, a copy of which is enclosed). The "base fee" to which you refer is the fee set out in21-6-403(a), and is the uniform advance fee. Both this fee and the additional advance fee for court reporters' salaries are collectible upon the "initiating of a cause of action" in circuit or chancery court. This fee has been increased from $20.00 to $30.00 by Act 534 of 1989.
The answer to your question depends entirely upon a construction of section 5 of Act 501 of 1989. It provides that the fee collectible upon the filing of a foreign judgment shall be the same fee "that would be paid for the filing of a civil action." An individual filing a civil action would automatically have to pay the $30.00 uniform advance fee, the $20.00 additional uniform advance fee for court reporters, and any additional fees authorized after March 1, 1977. The sum of these fees is the fee that "would be paid for the filing of a civil action", and thus it is my opinion that the sum of these fees is the amount which, under law, should accompany the filing of a foreign judgment.
In response to the second part of your question, it is my opinion that the clerk should indeed distribute the fees to the entities upon whose behalf they were collected, as failure to do so would not be in conformity with the laws authorizing their collection.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elana L. Cunningham.